## KAUFMAN v. THE CINCINNATI TRACTION CO.

*Negligence—Charge to jury—Last clear chance inapplicable, when—Concurrent negligence.*

In an action for damages arising from a collision between plaintiff's automobile and a traction car of the defendant company, it is not error for the trial court to refuse to give a charge on last clear chance where the proof does not show that the agent of the defendant company knew, at any time, of the perilous position of the plaintiff, but does show a case of concurrent negligence.

(Decided January 15, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. J. T. Rhyno,* for plaintiff in error.
*Messrs. DeCamp, Sutphin & Brumleve,* for defendant in error.

HAMILTON, P. J. This was an action for damages to plaintiff in error's automobile, struck by a car of the Traction Company on Colerain avenue in the city of Cincinnati.

The only question presented is whether plaintiff in error was entitled to a special charge requested by him on the last-chance doctrine. No complaint is made of the general charge, and there could be none, as the general charge is a masterly presentation to the jury of the issues and the law applicable to the case.

The plaintiff in error presented five special charges, all bearing on the question of last chance, which were refused, and, as above stated, this refusal is the only ground of error presented.

There are some technical objections to the first four special charges requested by counsel for plaintiff in error; but special charge five contained the law applicable to the last-chance situation, and, if the question of last chance was in the case, as shown by any evidence, plaintiff in error was entitled to the charge and its refusal was error.

Special charge number five is as follows:

"If you find from all the evidence in this case that although the negligence of the plaintiff may have contributed toward getting him into a position of danger, yet if this negligence had ceased for a sufficient time prior to the accident to have enabled defendant, its servants and employees, after it knew of his situation of peril, to have avoided the accident by the exercise of ordinary care on its part, and it failed to do so, your verdict should be for plaintiff."

This is a proper statement of the law applicable to the last-chance doctrine.

The bill of exceptions is in narrative form, and the substantive matter bearing upon the question of the last chance is, in narration, as follows: That the plaintiff in error in his Ford automobile was following defendant in error's car along Colerain avenue; that the street car came to a sudden stop and discharged a passenger; that owing to the fact that plaintiff in error was running immediately behind such street car he was unable to stop his auto and avoid hitting the street car immediately in front; that to avoid hitting the passenger alighting from the street car, on his right, he swerved his automobile to the left, placing the front part over and on the outgoing track

of the street car company; that in his efforts to check his automobile and avoid a collision he applied the brakes with such force that he stalled his engine and was unable to extricate himself from the perilous position; that the defendant company operates a double track on Colerain avenue for outgoing and incoming traffic; that the street car track at this point runs from northwest to southeast, on almost a straight line; that the defendant company at this time, while the inbound car was stopped and the auto checked or stalled, was there and then operating a work car on the outgoing track; that for a distance of three or four hundred feet the motorman on said outgoing car had a clear, continuous and unobstructed view; and that, notwithstanding the perilous position of plaintiff, and notwithstanding plaintiff was in plain view, the motorman of the defendant company, who was running his car thirty to thirty-five miles an hour, ran into the auto, greatly injuring and damaging the same.

There are other recitals in the bill of exceptions, showing a violation of the ordinance of the city by the plaintiff in error, and showing that the plaintiff in error was negligent in getting in the position that he did. But nowhere in the bill of exceptions is there any proof that at any time the agent of the defendant company knew of the perilous position of plaintiff in error. Not only does the record fail to show knowledge of any perilous position of the plaintiff in error on the part of the defendant in error, but, to the contrary, it does show a case of concurrent negligence.

Under this state of the record the plaintiff is not entitled to a charge on last chance. The re-

fusal to give this charge was proper, and the judgment will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.